UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVLOCAL, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>NICK L. COLLETTE,<br><br>        Defendant. | Case No.: 21-cv-383-WQH-AHG<br><br>**ORDER** |
| NICK L. COLLETTE,<br><br>        Third Party Plaintiff,<br><br>v.<br><br>RC CONSULTING d.b.a Second Nature,<br><br>        Third Party Defendant. | |

HAYES, Judge:

  The matter before the Court is the Motion for Leave to Withdraw as Counsel for Defendant/Third Party Plaintiff Nick L. Collette filed by attorney Patrick D. Paschall. (ECF No. 27).

///

///

1

## I. BACKGROUND

On March 4, 2021, Plaintiff RevLocal, LLC filed a Complaint against Defendants Nick L. Collette and RC Consulting, arising from Defendants' alleged misappropriation of Plaintiff's trade secrets. (ECF No. 1). Nick L. Collette is the only remaining Defendant. (*See* ECF No. 17).

Defendant Collette waived service of the summons and Complaint but failed to file an answer or otherwise respond to the Complaint. (ECF No. 4). On June 10, 2021, the Clerk of the Court entered default as to Defendant Collette. (ECF No. 10). On July 9, 2021, Plaintiff filed a Motion for Default Judgment against Defendant Collette. (ECF No. 15). On October 14, 2021, the Court denied the Motion for Default Judgment. (ECF No. 19). On October 26, 2021, the Court granted the parties' Joint Motion to Set Aside Default and Extend Time for Defendant Collette to Respond to Plaintiff's Complaint. (ECF No. 21). On November 12, 2021, Defendant Collette filed an Answer to the Complaint. (ECF 22). On November 26, 2021, Defendant Collette filed a Third Party Complaint against RC Consulting. (ECF No. 24).

On December 13, 2021, attorney Patrick D. Paschall of Paschall Law filed a Motion to Withdraw as Counsel for Defendant/Third Party Plaintiff Collette. (ECF No. 27). On December 15, 2021, the Court issued an Order requiring that: (1) any response to the Motion to Withdraw as Counsel shall be filed on or before December 30, 2021; and (2) attorney Paschall shall provide a copy of the Court's Order to Collette on or before December 16, 2021. (ECF No. 29). On December 16, 2021, attorney Paschall filed an Affidavit stating that "[o]n December 15, 2021, [he] emailed a copy of the Order to Mr. Collette," and Collette "confirmed receipt of the Order via a responding email." (ECF No. 30 ¶¶ 3-4).

## II. DISCUSSION

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th

Cir. 2008). Rule 1.16(b) sets forth several grounds on which an attorney may request permission to withdraw, including if "the client knowingly and freely assents to termination of the representation." Cal. R. of Prof'l Conduct 1.16(b)(6) (Eff. June 1, 2020). The court has discretion to grant or deny an attorney's motion to withdraw in a civil case. *See LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard*, 2008 WL 410694, at *2.

The Motion to Withdraw as Counsel is supported by the Declarations of attorney Paschall and Defendant/Third Party Plaintiff Collette. Attorney Paschall stated, "On December 9, 2021, Mr. Collette informed me that he is terminating my representation pursuant to our retainer agreement and representing himself in this action." (ECF No. 27 at 3). Attorney Paschall further stated that he served the Motion to Withdraw on Collette via U.S. Mail and email. Defendant/Third Party Plaintiff Collette stated, "I consent to Mr. Paschall's withdrawal as counsel of record for me in this action and will be representing myself *in pro per.*" (*Id.* at 4).

Having reviewed the record and the reasons for withdrawal, the Court concludes that there is good cause to grant the Motion to Withdraw as Counsel. This case is in its early stages. No party has filed an opposition to the Motion to Withdraw, and Defendant/Third Party Plaintiff Collette has expressed his intention to represent himself. The Court concludes that there is a minimal risk of prejudice to other litigants or of harm to the administration of justice, and that withdrawal is unlikely to significantly delay resolution of the action. The Motion to Withdraw as Counsel is granted.

///
///
///

3

21-cv-383-WQH-AHG

### III. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Withdraw as Counsel (ECF No. 27) is granted. Attorney Patrick D. Paschall is withdrawn as counsel for Defendant/Third Party Plaintiff Nick L. Collette. The Clerk of the Court is directed to remove counsel's name from the electronic notification system

IT IS FURTHER ORDERED that Defendant/Third Party Plaintiff Nick L. Collette shall proceed *pro se* in this action. The Clerk of the Court is directed to provide a copy of this Order, and all further orders, to Defendant/Third Party Plaintiff Nick L. Collette at the following address:

> Nick L. Collette
> 860 Turquoise Street, Unit 124
> San Diego, CA 92109
> Telephone: (858) 405-1990
> Email: nlcollette83@gmail.com

A party proceeding *pro se* "is bound by the [Civil Local Rules] and by the Fed. R. Civ. P." and "must keep the court and opposing parties advised as to current address." CivLR 83.11(a)-(b). "Failure to comply [] may be ground for dismissal or judgment by default." CivLR 83.11(a).

Dated: January 6, 2022

Hon. William Q. Hayes
United States District Court