UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVLOCAL, LLC,<br><br>                           Plaintiff,<br>v.<br>NICK L. COLLETTE,<br><br>                           Defendant.<br><br>NICK L. COLLETTE,<br><br>                      Third Party Plaintiff,<br>v.<br>RC CONSULTING d.b.a Second Nature,<br><br>                  Third Party Defendant. | Case No.: 21-cv-383-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion to Dismiss Portions of Nick L. Collette's Third Party Complaint for Failure to State a Claim ("Motion to Dismiss," ECF No. 31), filed by Third Party Defendant RC Consulting, d.b.a. Second Nature ("RC Consulting").

**I.  BACKGROUND**

    On March 4, 2021, Plaintiff RevLocal, LLC ("RevLocal") initiated this action by filing a Complaint against Defendants Nick L. Collette ("Collette") and RC Consulting.

(ECF No. 1). RevLocal alleges that Collette, while employed by RevLocal, "stole RevLocal's confidential and proprietary customer information and trade secrets in the days and weeks leading up to his departure from RevLocal, and is using them for his employment at RC Consulting." (*Id.* ¶ 6). RevLocal asserts claims pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836, and California state law.

On August 2, 2021, the Court granted RevLocal and RC Consulting's Joint Motion to Dismiss and dismissed all of RevLocal's claims against RC Consulting with prejudice. (ECF No. 17).

On November 26, 2021, Collette filed a Third Party Complaint against RC Consulting. (ECF No. 24). Collette alleges that "in the event [RevLocal] successfully proves it is entitled to any damages whatsoever in the Main Action, the acts and/or omissions of [RC Consulting] in some percentage contributed to the alleged damages described by [RevLocal]." (*Id.* ¶ 16). Collette asserts three state-law causes of action against RC Consulting: (1) equitable indemnity; (2) employee indemnity pursuant to California Labor Code § 2802; and (3) contribution.

On December 13, 2021, Collette's attorney of record filed a Motion for Leave to Withdraw as Counsel. (ECF No. 27). Collette's attorney filed an affidavit stating that "Collette informed [counsel] that [Collette] is terminating [counsel's] representation … and representing himself in this action." (*Id.* at 3). On December 15, 2021, the Court issued an Order stating that any response to the Motion for Leave to Withdraw as Counsel shall be filed by December 30, 2021 and requiring Collette's attorney to provide a copy of the Order to Collette. (ECF No. 29). On December 16, 2021, Collette's attorney filed an affidavit stating that he emailed a copy of the Court's December 15, 2021 Order to Collette and Collette confirmed receipt on the same day. (ECF No. 30).

On December 23, 2021, RC Consulting filed the Motion to Dismiss, requesting that the Court dismiss the second and third causes of action in Collette's Third Party Complaint. (ECF No. 31). RC Consulting contends that, because "each of RevLocal's claim[s] against

Collette requires knowing and intentional conduct of his part," Collette "is not entitled to indemnity under Labor Code section 2802 or contribution." (ECF No. 31-1 at 4, 6).

On January 6, 2022, the Court issued an Order granting the Motion for Leave to Withdraw as Counsel and stating that Collette shall proceed pro se in this action. (ECF No. 33).

On January 18, 2022, Collette filed a Motion for Extension of Time, requesting an extension of two weeks as Collette sought to obtain new counsel. (ECF No. 34). On January 20, 2022, the Court granted the motion and stated that Collette shall file any opposition to the Motion to Dismiss by February 7, 2022. (ECF No. 35).

On February 7, 2022, Collette filed a second Motion for Extension of Time, stating that he is "actively conducting interviews to find representation" and requesting an extension of thirty days to file an opposition to the Motion to Dismiss. (ECF No. 38 at 1). On February 7, 2022, the Court granted Collette's second Motion for Extension of Time and stated that Collette shall file any opposition to the Motion to Dismiss by March 9, 2022. (ECF No. 39).

On March 8, 2022, Collette filed a third Motion for Extension of Time. (ECF No. 44). On March 17, 2022, the Court granted the motion and stated that Collette shall file any opposition to the Motion to Dismiss by April 1, 2022. (ECF No. 45).

The docket reflects that Collette has filed no opposition to the Motion to Dismiss or motion for further extension of time.

**II.    DISCUSSION**

A district court may properly grant an unopposed motion pursuant to a local rule that permits the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for failing to oppose a motion to dismiss). Civil Local Rule 7.1 states that "a party opposing a motion or other request for ruling by the Court must file a written opposition" and, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1[ ], that failure may constitute a consent to the granting of a motion or other request for ruling by the Court." S.D. Cal. Civ. L.R.

7.1(f)(3)(a), -(c). "Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming dismissal for failure to prosecute). "Although [courts] construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali*, 46 F.3d at 54 (citation omitted).

The docket reflects that RevLocal obtained a hearing date of January 31, 2022 for its Motion to Dismiss. (ECF No. 31). Pursuant to the local rules, Collette was to file any response to the Motion to Dismiss no later than fourteen days prior to the hearing date. The Court then granted Collette three extensions of time to file a response. The docket reflects that Plaintiff failed to file any response to the Motion to Dismiss as required by Civil Local Rule 7.1 and this Court's Order granting Collette's third Motion for Extension of Time. (ECF No. 45). The Court construes Plaintiff's failure to oppose the Motion to Dismiss as "a consent to the granting" of the Motion to Dismiss. S.D. Cal. Civ. L.R. 7.1(f)(3)(c). The Court concludes that "the public's interest in expeditious resolution of litigation", "the court's need to manage its docket", and "the risk of prejudice" to RevLocal weigh in favor of granting the Motion to Dismiss for failure to file an opposition. *Ghazali*, 46 F.3d at 53.

III. **CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss filed by RevLocal (ECF No. 31) is GRANTED. The second and third causes of action in Collette's Third Party Complaint are dismissed without prejudice.

Dated: April 18, 2022

Hon. William Q. Hayes
United States District Court